INNOCENZA ALLEGRETTI v. FRANCESCO SENSI.

Decided October 20, 1924.

Contracts—Suit on Promissory Note Made by Plaintiff to Order of Defendant—Plaintiff Alleged Lack of Consideration—Defendant Claimed Note to be Plaintiff's Contribution to Joint Adventure in Grape Buying, in Which Enterprise There Was a Total Loss—Judgment for Plaintiff—Alleged Newly-Discovered .Evidence—Evidence Considered and Stories Believed Untrue.

On defendant's rule to show cause.

Before Gummere, Chief Justice, and Justices Parker and Katzenbach.

For the rule, Romulus P. Rimo.

Contra, Forman & Levy.

Per Curiam.

This was an action brought on a promissory note for $1,000, drawn by the plaintiff to the order of the defendant. The averment of the plaintiff, set out in his complaint and supported by the evidence in the cause, was that this promissory note was given by him to the defendant solely for the

latter's accommodation, and without any consideration moving to him, the plaintiff. The defense set up, and attempted to be proved, was that the defendant and the plaintiff were engaged in a joint venture in the purchase of a carload of grapes from California; that the note was given to raise funds to pay for the grapes and their transit from California to New Jersey; that the grapes were spoiled before reaching destination, and that, under the terms of their agreement, the loss sustained was to fall upon both of them in equal amounts. The jury, after having heard the testimony, found a verdict in favor of the plaintiff for the full amount of the note and interest, thereby declaring that the note was given by the plaintiff to the defendant solely for the latter's accommodation and without any consideration received by the former from the latter. Six days after the rendition of the verdict the defendant applied for and obtained a rule to show cause why a new trial should not be ordered, the application being made upon the ground of newly-discovered evidence. One of the provisions of the rule permitted the parties to take testimony supporting and controverting the assertion that evidence had been newly discovered by the defendant, the result of which would justify a setting aside of the verdict. The evidence taken by the defendant under this rule consisted of the testimony of two witnesses, one a man named James Gervasone and the other a man named Daniel Montani. Each of these witnesses testified that the day after the conclusion of the trial they had met the plaintiff on one of the streets of Trenton, where both of the parties to the litigation resided, and had entered into a conversation with him with relation to the present case, and that in that conversation he stated to Gervasone, within the hearing of Montani, that, although he had testified to the contrary before the jury, he and the defendant were, in fact, partners in the purchase of the carload of grapes, and that, under their arrangement, any loss should fall upon them both equally. Gervasone was a relative of the defendant; Montani was a step-son of the defendant, and his wife was the defendant's daughter. Montani admitted that he did

63

not know the plaintiff at all, and Gervasone testified that although he knew the plaintiff, Allegretti, by sight, he had never had any conversation with him before the occasion concerning which he testified, so far as he recollected. In addition, he admitted that he had been convicted of crime. On the other hand, the plaintiff, Allegretti, testified that he had not met these two witnesses of the defendant at the time and place mentioned by them, or at any other time and place, and denied positively that he had ever had any such conversation with them concerning the litigation between him and the defendant, and his testimony is corroborated by other witnesses called in his behalf.

The idea that the plaintiff, who is presumed to be of sound mind, should have, within twenty-four hours after the trial, confessed to two strangers that he had committed perjury upon the witness-stand for the purpose of obtaining a verdict against the defendant in the case, is almost inconceivable, and we would hesitate to set the verdict aside upon the testimony of these two so-called newly-discovered witnesses, even if their story had not been contradicted. The denial of Allegretti, supported as it is by other testimony, satisfies us that the story told by Gervasone and Montani is absolutely untrue, and we conclude, therefore, that the rule to show cause should be discharged.